## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOURAD ELLAKKANY, | : | CIVIL NO: 1:14-CV-00983 |
| | : | |
| Plaintiff, | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| THE COMMON PLEAS COURT OF | : | |
| MONTGOMERY COUNTY, *et al.*, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.      Introduction.

On May 22, 2014, *pro se* plaintiff Mourad Ellakkany ("Ellakkany"), a

prisoner currently housed at SCI-Smithfield, initiated this action by filing a

complaint alleging that multiple judicial and county defendants with the Court of

Common Pleas of Montgomery County have violated various provisions of the

Racketeer Influenced and Corrupt Organizations Act ("RICO")[1] by engaging in a

conspiracy that caused Ellakkany to be subjected to peonage and imprisonment for

certain charges that were supposed to have been nolle prossed.[2]  In this report, we

---

[1]      RICO is codified in the United States Code as 18 U.S.C. §§ 1961 to 1968.

[2]      The Court also takes judicial notice of the docket sheet in *Commonwealth v. Ellakkany*, No. CP-46-CR-0005543-1994, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

address Ellakkany's motion (*Doc. 18*) for both a temporary restraining order and a preliminary injunction.

## II. Background.

Because of the multitude of defendants named in Ellakkany's complaint, it is helpful to list them all from the outset. Ellakkany names the following parties as defendants: (1) The Court of Common Pleas of Montgomery County; (2) The District Attorney's Office of Montgomery County; (3) Judge Maurino J. Rossanese, Jr. ("Judge Rossanese"); (4) Michael D. Marino ("Marino"), former Montgomery County District Attorney; (5) Patricia E. Coonahan ("Coonahan"), former Montgomery County Assistant District Attorney and current judge with the Montgomery County Court of Common Pleas; and (6) President Judge William J. Furber, Jr. ("Judge Furber").

The relevant facts alleged in Ellakkany's complaint (*Doc. 1*) are as follows. On February 22, 1995, at a guilty plea hearing in a criminal case involving Ellakkany, Marino moved for Judge Rossanese to nolle prosse certain charges that had been brought against Ellakkany. These charges were referred to by Ellakkany as "bills .3, .4, and .5." *Doc. 1* at ¶ 12. Allegedly, on October 5, 1995, the nolle prosse motion was granted by Judge Rossanese at Ellakkany's sentencing proceeding by way of a written order. *Id.* at ¶ 14. Ellakkany, however, alleges that

despite the supposedly nolle prossed charges, he was sentenced on the charges anyhow, asserting that subsequent to his original sentencing proceeding "Marino and Rossanese arbitrarily entered a guilty plea and an additional consecutive [7.5]-15 years sentence on nolle prossed bills .3, .4, and .5." *Id* at ¶ 16. Ellakkany alleges that Marino and Judge Rossanese did so without reinstating the nolle prossed charges, without "taking them to trial," and without notifying him. *Id.*

Ellakkany alleges that originally he was sentenced to 7.5 to 15 years on three other charges (referred to by him as "bills .6, .7, and .8") and that at some subsequent point,  Judge Rossanese and Marino "cancelled and expunged" the sentences and convictions associated with bills .6, .7, and .8 in Ellakkany's absence.  *Id.* at ¶¶ 21-22.  Ellakkany alleges that at this point, Judge Rossanese and Marino "substituted the expunged bills .6, .7, and .8 with the nolle prossed bills .3, .4, and .5 to fill the void left in the aggregated sentence." *Id*. at ¶ 23.

Ellakkany alleges that when he subsequently sought relief to the aforementioned perceived wrong, defendants Coonahan and Judge Rossanese violated provisions of RICO by using the United States Postal Service to send to him, and to various courts, fraudulent documentation misrepresenting the facts of Ellakkany's case. *Id.* at ¶ 24.  Specifically, it is alleged that on March 25, 2002, Coonahan used the mail to send Ellakkany and the United States District Court for the Eastern District of Pennsylvania documentation falsely stating that Ellakkany is

serving time under bills .6, .7, and .8, even though those charges were allegedly

expunged.  *Id.* at ¶ 25.  Then, on March 5, 2007, according to Ellakkany, Coonahan

sent documentation to the Superior Court of Pennsylvania allegedly once again

fraudulently stating that Ellakkany was serving time under charges that were

supposed to have been expunged.  *Id.* at ¶ 27.

On March 6, 2008, a partial expungement hearing was conducted in front of

Judge Rossanese.  Allegedly, despite an acknowledgement by Coonahan and Judge

Rossanese that bills .3, .4, and .5 had been nolle prossed and were eligible for

expungement, Judge Rossanese issued an order "conceal[ing] the actual facts" of

Coonahan's case and denying expungement.  *Id*. at ¶ 31.  This order was sent to

Ellakkany in the mail.  According to Ellakkany, he appealed this denial to the

Superior Court and in May 2009, Coonahan used the United States Postal Service

to send a brief to the Superior Court, this time denying outright that bills .3, .4, and

.5 had ever been nolle prossed.  *Id*. at ¶¶ 32-33.

As a result of the aforementioned, Ellakkany alleges he has been subject to

wrongful imprisonment and wrongful peonage.  Ellakkany alleges five counts in

his complaint as follows: (1) RICO violations; (2) conspiracy to violate RICO; (3)

Thirteenth Amendment violations; (4) trafficking violations; and (5)

uncompensated labor.  Ellakkany seeks injunctive, declaratory, and monetary relief

and requests that this Court appoint a special prosecutor or law firm to handle his complaint.

In the instant motion for a temporary restraining order and preliminary injunction, Ellakkany seeks to enjoin the defendants in this matter from continuing to imprison him and subject him to peonage.  Ellakkany alleges that he will prevail on his civil lawsuit alleging peonage, that he has suffered irreparable injury as a result of his allegedly wrongful imprisonment, and that such injuries should not be allowed to continue while his current civil action is pending.   In other words, Ellakkany seeks immediate release from prison.

## III.   Discussion.

Generally, a plaintiff may move for a preliminary injunction pursuant to Federal Rule of Civil Procedure "Rule" 65(a) and a temporary restraining order pursuant to Rule 65(b).  Both remedies are extraordinary and drastic, and should only be granted if the movant, by a clear showing, carries his burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  The standard for granting a temporary restraining order or a preliminary injunction consists of the same four-part inquiry: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the

nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *United States v. Bell*, 414 F.3d 474,  478 n.4 (3d Cir. 2005). Although the Court must balance all four factors to determine whether it should order injunctive relief, as a practical matter, the movant must satisfy the first two factors or its motion will fail. *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975). Indeed, the Third Circuit has instructed that it "cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990).

Because we conclude that Ellakkany has failed to show that he has a reasonable probability of success on the merits of his case, we recommend that his motion for a temporary restraining order and a preliminary junction be denied.

First, Ellakkany's claims against both the District Attorney's Office of Montgomery County and the Court of Common Pleas of Montgomery County cannot succeed on the merits because both of these entities would not be considered separate from the municipality [of Montgomery County] and, therefore, such claims would be more appropriately brought against the County itself. *See Briggs v. Moore*, 251 Fed. Appx. 77, 79 (3d Cir. 2007);  *see also Thompson v. Police Dept. of Philadelphia*, 2011 WL 4835831, at *2 (E.D. Pa. Oct. 12, 2011) (noting that "[t]he United States Court of Appeal[s] for the Third Circuit has long

held that local prosecutorial offices are not legal entities separate from the local governments of which they are a part").

Second, Ellakkany's claims against Marino, Coonahan, Judge Rossanese, and Judge Furber cannot succeed on the merits due to the doctrines of judicial and prosecutorial immunity. As previously stated, Ellakkany seeks monetary, injunctive, and declaratory relief against all of the defendants. For the reasons set forth below, however, we believe that his request for each type of relief should be denied.

Under the doctrine of judicial immunity, it has long been recognized that "judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991). The doctrine of absolute immunity, which was–"solidly established at common law"–applies–"even when the judge is accused of acting maliciously or corruptly"– because the public's interest dictates that "judges should be at liberty to exercise their functions with independence and without feat of consequences." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

It has also been recognized that "except in very limited circumstances . . . 'injunctive relief shall not be granted in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity . . . unless a

declaratory decree was violated or declaratory relief was unavailable.'" *Rush v. Wiseman*, 2010 WL 1705299, at \*10 (E.D. Pa. Apr. 27, 2010) (quoting *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006)).  In this case, no declaratory decree has been violated, and declaratory relief is not unavailable, and, therefore, Ellakkany's claims for injunctive relief against Judge Furber and Judge Rossanese are barred by judicial immunity.  While Ellakanny brings a vague claim for declaratory relief in his complaint, the nature of the declaratory relief that Ellakkany seeks is unspecified, and it seems that he is merely seeking a declaration that the defendants violated his rights and broke the law.  In such a case, it cannot be said that Ellakkany is seeking declaratory relief in "the true legal sense," and, therefore, his request for declaratory relief should be denied.  *See Corliss v. O'Brien*, 200 Fed. Appx. 80, 84-85 (3d Cir. 2006) (denying plaintiff's requests for declarations that the plaintiff's constitutional rights had been violated and that the defendant judges' conduct violated Pennsylvania penal law).

Additionally, the privilege of absolute immunity enjoyed by judges has been extended to prosecutors as well.  The Supreme Court of the United States has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune for a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  As with judicial immunity, the doctrine of prosecutorial immunity applies even if the prosecutor is alleged to have acted maliciously

because "if the prosecutor could be made to answer in court each time . . . a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law." *Id*. at 425.  Responding to critics of the doctrine of absolute prosecutorial immunity, the Court has noted that the public is not entirely without recourse against wrongdoing prosecutors, suggesting that prosecutors, like judges, "could be punished criminally for willful deprivations of constitutional rights" and additionally are "amenab[le] to professional discipline by an association of [their] peers." *See id*. at 428-29.  Thus, given the doctrine of absolute prosecutorial immunity, we conclude that Ellakkany's claims against prosecutors Marino and Coonahan also fail to state a claim upon which relief can be granted.

## IV.   Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Ellakkany's motion (*Doc. 18*) for a temporary restraining order and preliminary injunction be **DENIED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party

shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **27th** day of **January 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge