UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOURAD ELLAKKANY, | : | CIVIL NO: 1:14-CV-00983 |
| | : | |
| Plaintiff, | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| THE COMMON PLEAS COURT OF | : | |
| MONTGOMERY COUNTY, *et al.*, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

On May 22, 2014, *pro se* plaintiff Mourad Ellakkany ("Ellakkany"), a prisoner currently housed at the State Correctional Institution in Huntingdon, Pennsylvania, initiated this action by filing a complaint, alleging that multiple defendants affiliated with the Montgomery County Common Pleas Court violated various provisions of the Racketeer Influenced and Corrupt Organizations Act by engaging in a conspiracy that lead him to peonage and imprisonment. This matter comes back before the Court as Ellakkany now seeks to withdraw the complaint. *See docs. 54, 55*. For the reasons set forth below, we recommend that the complaint be dismissed, the pending motions be denied as moot, and the case be closed.

## II. Discussion.

On August 10, 2016, Ellakkany filed a letter with the Court, seeking to withdraw the "above referenced action/"Complaint."  *Doc. 54*.  The following day, he filed another letter with the Court, seeking the same.  *See doc. 55*.  We construe these letters as notices, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, to voluntarily dismiss the complaint.

Rule 41(a)(1)(A)(i) provides as follows:

> **(a) Voluntary Dismissal.**
>
> **(1)** *By the Plaintiff.*
>
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment

Fed. R. Civ. P. Rule 41(a)(1)(A)(i) (emphasis in original).

In this case, no answer or motion for summary judgment has been filed. Instead, only motions to dismiss have been filed.  *See docs. 16*, *29*.  Thus, Ellakkany should be permitted, pursuant to Rule 41(a)(1)(A)(i), to dismiss this action without further leave of court.  *See Anamanya v. Fed. Bureau of Prisons*, No. 3:11-CV-1394, 2012 WL 13770, at *1 (M.D. Pa. Jan. 3, 2012), *report and*

*recommendation adopted*, No. 3:11-CV-1394, 2012 WL 27583, * 1 (M.D. Pa. Jan. 4, 2012) (construing plaintiff's document as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i), recommending that plaintiff's complaint be dismissed, and making such recommendation on the basis that, although a motion to dismiss was pending, no answer or motion for summary judgment had been field).  And, as such, the pending motions to dismiss should be denied as moot, and the case should be closed.

### III. Recommendation.

Based upon the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Ellakkany's complaint be **DISMISSED**, the pending motions (*doc. 16*, *29*) to dismiss be **DENIED** as moot, and the case be **CLOSED**.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions. Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **16th** day of **August, 2016**.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge